## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

GAIL PATTERSON,                                   CASE NO.:  1:16-cv-22227

      Plaintiff,

vs.

DISCOVER FINANCIAL SERVICES, LLC,                 <u>DEMAND FOR JURY TRIAL</u>

      Defendant.

_____/

### VERIFIED COMPLAINT

**COMES NOW**, Plaintiff, GAIL PATTERSON (hereafter "Plaintiff"), by and through undersigned counsel, and hereby sues Defendant, DISCOVER FINANCIAL SERVICES, LLC, (hereafter "Defendant"), and states as follows:

### PRELIMINARY STATEMENT

This action arises out of Defendant's violations of the Florida Consumer Collection Practices Act, Florida Statute §§ 559.55 *et seq.* (hereafter the "FCCPA") and the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* (hereafter the "TCPA").

### GENERAL ALLEGATIONS

1.     Plaintiff is an individual residing in Miami-Dade County, Florida.

2.     This is an action for damages greater than $15,000.00.

3.     Defendant is a foreign limited liability company as registered with the Florida Department of State, Division of Corporations.

4.     Defendant is a "person" subject to regulations under Fla. Stat. § 559.72 and 47 U.S.C. § 227(b)(1).

5.     The debt is a "consumer debt" as defined by the FCCPA, Fla. Stat. §559.55(6).

**FACTUAL ALLEGATIONS**

6.  It is alleged by Defendant that Plaintiff owes a debt to Defendant.

7.  In February 2015, Plaintiff received a phone call from Defendant to collect a debt. Plaintiff advised Defendant to stop calling her cell phone.

8.  Plaintiff revoked any prior express consent to contact Plaintiff via cellular telephone or any other form of communication in February 2015, when Plaintiff verbally advised Defendant to stop calling her cellular telephone.

9.  On May 4, 2015, Plaintiff received a call from Defendant that was between the hours of 9:00 P.M. and 8:00 A.M. without Plaintiff's prior consent to do so.

10. Plaintiff's cellular telephone number ends in -0123.

11. Defendant knowingly or willfully called Plaintiff's cellular telephone after Defendant had unequivocal notice from Plaintiff to cease any and all calls and after Plaintiff withdrew any prior consent or permission to be contacted.

12. Defendant used an automatic telephone dialing system or an artificial or prerecorded voice to place telephone calls to Plaintiff's cellular telephone on the following dates and times listed on the call logs of Plaintiff attached as Exhibit "A."

13. Defendant placed calls to Plaintiff's cellular telephone that included delays in time before the telephone call was transferred to a representative to speak.

14. Plaintiff did not speak with a representative during the phone calls placed by Defendant because there was no representative on the telephone call that spoke or attempted to communicate with Plaintiff after Plaintiff answered the telephone call.

15. Plaintiff did not speak with a live representative during any of the phone calls because they were all made by Defendant using an artificial or pre-recorded voice.

2

16.     Additionally, Defendant called Plaintiff's place of work without prior consent to do so.

17.     None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227 (b)(1)(A).

18.     None of Defendant's telephone calls placed to Plaintiff were made with Plaintiff's "prior express consent" as specified in 47 U.S.C. § 227 (b)(1)(A).

19.     All conditions precedent to the filing of this lawsuit have been performed or have occurred.

## COUNT I
## VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(7)

20.     Plaintiff incorporates all allegations in paragraphs 1-16 and 19 as if stated fully herein.

21.     Jurisdiction is proper pursuant to Florida Statute § 559.77(1).

22.     Defendant violated Florida Statute § 559.72(7) when it willfully communicated with Plaintiff with such frequency as can reasonably be expected to abuse or harass Plaintiff.

23.     Specifically, Defendant continued to make numerous telephone calls to Plaintiff's cellular telephone after being notified to no longer call Plaintiff through any means.

**WHEREFORE**, Plaintiff, GAIL PATTERSON, demands judgment against Defendant, DISCOVER FINANCIAL SERVICES, LLC, for the following relief:

a.      any actual damages sustained by Plaintiff as a result of the above allegations;

b.      statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

3

c.       pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiff whole;

d.       in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

e.       any other relief the Court deems just and proper.

## COUNT II
## VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(17)

24.     Plaintiff incorporates all allegations in paragraphs 1-16 and 19 as if stated fully herein.

25.     Jurisdiction is proper pursuant to Florida Statute § 559.77(1).

26.     Defendant violated the FCCPA, Fla. Stat. § 559.72(17), when it knowingly communicated with Plaintiff between the hours of 9 p.m. and 8 a.m. in the Plaintiff's time zone without the prior consent of the Plaintiff.

27.     Specifically, Defendant placed a phone call to Plaintiff's cellular telephone on May 4, 2015 between the hours of 9:00 p.m. and 8:00 a.m. E.S.T. without the prior consent of Plaintiff.

**WHEREFORE**, Plaintiff, GAIL PATTERSON, demands judgment against Defendant, DISCOVER FINANCIAL SERVICES, LLC, for the following relief:

a.       any actual damages sustained by Plaintiff as a result of the above allegations;

b.       statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

4

c.      pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiff whole;

d.      in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

e.      any other relief the Court deems just and proper..

## COUNT III
## VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(4)

28.     Plaintiff incorporates all allegations in paragraphs 1-16 and 19 as if stated fully herein.

29.     Jurisdiction is proper pursuant to Florida Statute § 559.77(1).

30.     Defendant violated Florida Statute § 559.72(4) when it willfully communicated with Plaintiff's employer before obtaining final judgment against the Plaintiff and without permission from Plaintiff to contact her employer.

31.     Specifically, Defendant continued to make numerous telephone calls to Plaintiff's employer without ever having received permission from Plaintiff to contact her employer.

**WHEREFORE**, Plaintiff, GAIL PATTERSON, demands judgment against Defendant, DISCOVER FINANCIAL SERVICES, LLC, for the following relief:

a.      any actual damages sustained by Plaintiff as a result of the above allegations;

b.      statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

c.      pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiff whole;

5

      d.     in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

      e.     any other relief the Court deems just and proper.

## COUNT IV
## VIOLATION OF THE TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)

32.     Plaintiff incorporates all allegations in paragraphs 1-4 and 6-19 as if stated fully herein.

33.     Jurisdiction is proper pursuant to 47 U.S.C. § 227(b)(3).

34.     Defendant used an automatic telephone dialing system or an artificial or prerecorded voice as defined by 47 U.S.C. § 227(a)(1)(A)(iii) to make telephone calls to Plaintiff's cellular telephone.

35.     Defendant independently violated 47 U.S.C. § 227(b)(1)(A)(iii) for each call that Defendant placed to Plaintiff's cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice.

36.     The phone calls made by Defendant are considered willing and knowing violations of the TCPA, as Defendant is well aware of the TCPA and its prohibitions.

**WHEREFORE**, Plaintiff, GAIL PATTERSON, demands judgment against Defendant, DISCOVER FINANCIAL SERVICES, LLC, for the following relief:

      a.     statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) in the amount of $500.00 for each of the independent violations occurring after February 2015;

      b.     an increase in the amount of the award to an amount equal to three times the amount available pursuant to 47 U.S.C. § 227(b)(3)(B) where each of Defendant's independent violations were made willfully or knowingly; and

c.      any other relief the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all issues.

## **VERIFICATION**

Under penalty of perjury, I have read the foregoing and it is true and correct.

_____

GAIL PATTERSON

STATE OF FLORIDA

COUNTY OF _Miami Dade_

The foregoing instrument was subscribed, acknowledged, sworn to and affirmed before me this _14th_ day of _June_, 2016, by GAIL PATTERSON, who is personally known to me or who produced _____ as identification and who did take an oath.

_____

My Commission Expires:          Name: _Pauline Gayle_

Notary Public, State of Florida

PAULINE GAYLE
MY COMMISSION EXPIRES
June 29, 2016
#EE 209125
Bonded thru
Notary Public Underwriters
NOTARY PUBLIC, STATE OF FLORIDA

*This space left blank intentionally*

7

Date: __June 16, 2016__                    **BOSS LAW**

                                           /s/ Christopher W. Boss
                                           **Christopher W. Boss, Esq.**
                                           Fla. Bar No.: 13183
                                           Service Email: cpservice@protectyourfuture.com
                                           9887 Fourth Street North, Suite 202
                                           St. Petersburg, Florida 33702
                                           Phone: (727) 471-0039
                                           Fax:    (888) 503-2182
                                           **Attorney for Plaintiff**